UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ED FOSTER,

     Petitioner,

v.

THOMAS WINN,

     Respondent.

Case No. 2:15-CV-12265
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO AMEND/SUPPLEMENT GROUND ONE OF PETITION [12]; GRANTING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE [13]; AND ADMINISTRATIVELY CLOSING CASE

Ed Foster, a Michigan prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (R. 1.) Foster challenges his state-court conviction for felony-murder. The petition raises seven claims for relief. Now before the Court are Foster's Motion to Amend/Supplement Ground One of Petition and Motion to Hold Petition in Abeyance. (R. 12, 13.) For the reasons set forth, the Court will grant the motion to amend/supplement in part, grant the motion to hold the petition in abeyance, establish conditions under which Foster must proceed, and administratively close the matter.

## I.

Foster was convicted of felony-murder following a jury trial in Van Buren County Circuit Court and sentenced to life imprisonment without the possibility of parole. His conviction was affirmed on direct appeal by the Michigan Court of Appeals. *People v. Foster*, No. 301361, 2013 WL 4033639 (Mich. Ct. App. Aug. 8, 2013). The Michigan Supreme Court then denied Foster's application for leave to appeal. *People v. Foster*, 496 Mich. 855 (Mich. 2014).

On June 16, 2015, Foster filed the pending habeas corpus petition.

## II.

### A. Motion to Amend/Supplement

Foster asks the court to allow him to amend or supplement ground one of his petition asserting that the prosecutor knowingly presented perjured testimony of a key witness, Keith Nickerson. Federal Rule of Civil Procedure 15 is applicable to habeas proceedings. *Mayle v. Felix*, 545 U.S. 64, 655 (2005). Pursuant to this Rule the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a motion to amend the petition, the Court considers bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the petitioner previously amended his pleadings. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178 (1962); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Foster first seeks to amend his petition to provide additional support and argument for the Keith Nickerson perjured testimony claim. This request does not appear to be made in bad faith and this is Foster's first motion to amend his pleadings. Futility is not an issue because Foster does not seek to add a new claim for relief, just to supplement his existing argument. And even though Winn has filed a response and a Rule 5 filing, he makes no claim of prejudice. The Court recognizes that Foster's motion to amend comes twenty-one months after he filed his petition, but mere undue delay alone is insufficient to deny a motion to amend and again, Respondent does not claim prejudice. *Coe*, 161 F.3d at 342. For these reasons, and because Winn does not oppose it, the Court will grant this portion of Foster's motion.

Foster also seeks to supplement the petition with the affidavit of Tommie Jeffries, which, he argues, advances his theory that there was a "common theme" of police coercing witnesses to testify falsely. (R.12, PID 5744–45.) This affidavit was not presented to the state courts. "Although

state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). When the state courts have adjudicated a claim on the merits, a federal court's review in habeas corpus proceedings is ordinarily limited to the record presented to the state courts. *Id.* at 180; *see also Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam). Foster's motion does not address the propriety of expanding the record in this case and a review of the Michigan Court of Appeals' opinion suggests that they adjudicated Foster's perjured testimony claim on the merits. (R. 9-31, PID 5101–5104.) Thus, as consideration of the proposed affidavit on habeas review is likely to be "categorically barred," *Shoemaker v. Jones*, 600 F. App'x 979, 983 n.1 (6th Cir. 2015), the Court is going to deny Foster's request to supplement the petition with Jeffries' affidavit.[1]

## B. Motion to Hold Petition in Abeyance

Foster has filed a separate motion to hold the petition in abeyance to allow him to go back to state court to raise three additional claims: an ineffective-assistance-of-trial-counsel claim based upon a failure to investigate claims of coercive police interrogation tactics, an ineffective-assistance-of-appellate-counsel claim, and another perjured testimony claim for several other witnesses besides Keith Nickerson. (R. 13.)

A federal habeas petitioner must first exhaust all available remedies in state court, 28 U.S.C. § 2254(b), but a federal court may stay a federal habeas corpus proceeding pending resolution of yet unexhausted state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In *Rhines*, the Supreme Court held

---

[1]  This denial is without prejudice should the propriety of the affidavit change following Foster's exhaustion of state court remedies.

that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 278.

The *Rhines* decision, however, concerned a mixed habeas petition, that is, the petition presented claims that had been properly exhausted in state court and claims that had not. *Id.* at 272–73. The petition at issue in this case raises only exhausted claims. Foster seeks a stay to allow him to present additional unexhausted claims in state court. While *Rhines* did not address this precise situation, this Court has held that such a stay may be appropriate. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937 (E.D. Mich. 2015); *see also Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *1 (E.D. Mich. Dec. 4, 2015). Other federal courts have also allowed for stays of fully exhausted federal habeas corpus petitions pending the exhaustion of other claims in state court. *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016) (holding that a district court has discretion to issue stays in cases of fully exhausted petitions); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (a district court may consider a *Rhines* stay even in the case of an unmixed petition).

Where a habeas petition presents only exhausted claims, the Court may either adjudicate the exhausted claims while the petitioner simultaneously exhausts additional claims in state court or stay the petition while the petitioner seeks state-court collateral relief. This Court's decision whether to grant a stay is informed "by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*." *Thomas*, 89 F. Supp. 3d at 942–43. The following factors inform a federal court's decision to proceed in parallel with state post-conviction proceedings or instead hold a habeas corpus petition in abeyance:

(1) whether the exhausted claims in the petition are plainly meritorious while the unexhausted claims are plainly meritless (if so, proceeding to adjudicate the claims in the petition would avoid unnecessary expenditure of state court resources while still respecting the policies underlying exhaustion);

(2) whether the unexhausted claims are potentially meritorious (if so, allowing the state court to adjudicate them first might save federal court resources, furthering the policies underlying exhaustion);

(3) whether the unexhausted claims could be the bases for a viable second habeas petition (if so, staying until post-conviction proceedings are complete and then allowing petitioner to amend the pending petition would avoid the hurdles involved in filing a successive habeas petition);

(4) whether the exhausted and unexhausted claims are legally or factually related (if so, it might be preferable for a federal court to delay ruling on an exhausted claim to avoid affecting the state court's view of an unexhausted claim);

(5) whether the habeas petitioner has good cause for seeking the stay (if not, the consequences of requiring a petitioner to proceed in two courts at once are less unfair to the petitioner);

(6) the potential prejudice to the party opposing the habeas corpus petition; and

(7) any other considerations relating to judicial economy and federal-state relations.

*Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *1 (citing *Thomas*, 89 F.Supp.3d at 941–43).

The *Thomas* factors weigh in favor of a stay. The Court cannot fully evaluate the merits of Foster's unexhausted claims based upon the record presently before the Court, but they do not appear to be plainly meritless. Further, Foster raises constitutional claims upon which habeas relief may be granted. The claims are best first addressed and decided by the state courts, which may conduct an evidentiary hearing or otherwise allow Foster to supplement the record as allowed by state law. Foster also alleges good cause for failure to exhaust his state court remedies. He attempted to raise these claims in a *pro per* supplemental brief in the Michigan Court of Appeals, but the brief was not timely filed. Foster's appellate counsel admitted in state court that the failure

to timely file the supplemental brief "was due to a clerical error, an oversight, and a mix-up at [the State Appellate Defender's Office] for which [Foster] bears no responsibility." (R.13, PID 5795–96.) The Court anticipates no prejudice to Respondent in staying the petition. Lastly, if the Court denied the stay and decided the petition before completion of state-court collateral review, Foster would need to satisfy a very high burden to receive authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(2). The Court will therefore grant Foster's motion to hold his petition in abeyance.

### III.

It is hereby ordered that the Court GRANTS IN PART AND DENIES IN PART Petitioner's motion to amend/supplement ground one of petition (R. 12.) The Court grants Petitioner's request to supplement ground one with additional argument as set forth in pages 1–15 of the motion. (R. 12, PID 5746–5762.) But the Court denies Petitioner's motion to supplement the petition with the Jeffries affidavit.

It is further ordered that the Court GRANTS Petitioner's motion to hold petition in abeyance (R. 13.) Petitioner must file a motion for relief from judgment in state court within 60 days of entry of this order. Within 60 days after the conclusion of the state-court post-conviction proceedings, Petitioner may move to amend his petition to add the newly-exhausted claims. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of the petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: September 28, 2017           U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2017.

s/Keisha Jackson
Case Manager