7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FOSTER,

Petitioner,

Case No: 2:15-cv-12265
Honorable Laurie J. Michelson

POOR QUALITY ORIGINAL

v.

SHERRY L. BURT, / Thomas Winn

Respondent.
_____________________/

FILED
JAN 24 2020
CLERK'S OFFICE
DETROIT

MOTION TO LIFT STAY, REOPEN THE PROCEEDINGS, STRIKE THE PREVIOUS PETITION, AND REQUEST TO FILE THE NEWLY DRAFTED/AMENDED PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES, Petitioner, Edward Foster #226862, In Pro se, and pursuant to relevant Sixth Circuit precedent and the Fed.R.Civ.P. hereby respectfully moves this Court to lift the stay, reopen the proceedings, strike the previously submitted petition, and allow Petitioner to file his newly drafted/amended version of the Petition for Writ of Habeas Corpus. In support of this Motion, Petitioner states as follows:

1 ) A Federal Court has the power to order that a habeas litigation be reopened upon a timely request by Petitioner. Rodriguez v Jones, 625 F.Supp.2d 552 (E.D. Mich 2007).

2.) Shortly after filing his initial petition, Petitioner requested that the Court stay the proceedings to allow him an opportunity to exhaust a number of claims, including ineffective assistance of trial and appellate counsel in state court.

3.) On September 28, 2017, this Court granted Petitioner's request to stay the proceedings; premised on the condition that Petitioner presents his unexhausted claims in state court within 60 days from the date of the relevant order. See Foster v. Winn, 2017 U.S. Dist. LEXIS *159680.

4.) The relevant Order also indicated that once state court remedies had been exhausted, Petitioner must seek to have the Court lift the stay within 60 days. Id.

5.) On November 26, 2019 the Michigan Supreme Court denied Petitioner's Application for Leave to Appeal in the Post-conviction context. This concluded the exhaustion of Petitioner's state court remedies.

6 ) In compliance with the said Order, Petitioner "timely" seeks to have this Court to strike the initial habeas petition, and in doing so, allow him to supplement it with the newly drafted/amended Petition, which omits some claims from the initial habeas petition that are not cognizable on habeas review, and includes new claims that have recently been exhausted in state court by way of post-conviction litigation.

8 ) As a final matter, Petitioner notes that the course of action outlined above, that he seeks to have the Court take will not prejudice the State, as Petitioner is not opposed to having Respondent file a Reply In Opposition to the newly submitted Habeas Petition.

## CONCLUSION

WHEREFORE, based on the forgoing, Petitioner prays that this Honorable Court will grant the instant motion.

Respectfully Submitted,

Mr. Edward Foster #226862
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, Michigan 49442

Date: January 17, 2020

**PROCEDURAL HISTORY**

After his conviction and sentence, Petitioner appealed by right raising a number of constitutional issues. see, People v. Foster, Court of Appeals Opinion, No. 301361, attached to the Amended Memorandum of Law In Support of Petition for Writ of Habeas Corpus, as App'x A.

In an unpublished (per curiam) opinion, the Michigan Court of Appeals on August 8, 2013 rejected those arguments and affirmed Petitioner's conviction, see Id. Petitioner timely sought reconsideration and that request was denied on October 3, 2013. see Michigan Court of Appeals Order denying Reconsideration (Court File).

Petitioner then sought Leave to Appeal in the Michigan Supreme Court, which was denied on June 18, 2014 see Michigan Supreme Court Order Denying Leave to Appeal (Court File). Petitioner then initiated habeas proceedings in doing so, sought a stay and abeyance to exhaust additional issues in state court by way of post-conviction litigation. This Court granted Petitioner's request. see Foster v. Winn, 2017 U.S. Dist. LEXIS *159680 (E.D. Mich, Sept. 2017).

The state trial court denied Petitioner's request for post-conviction relief. see, Trial Court's Memorandum Opinion and Order, Attached to the Memorandum of Law In Support of Petitioner for Writ of Habeas Corpus, as App'x G. The Michigan Court of Appeals considered and denied Petitioner's request for Leave to Appeal the trial court's denial of his post-conviction motion. see, Michigan Court of Appeals Order, Attached to the Amended Memorandum of Law In Support of Petition for Writ of Habeas Corpus, as App'x H.

Petitioner's post-conviction remedies culminated in a denial of a Application for Leave to Appeal by the Michigan Supreme Court on November 26, 2019. see Michigan Supreme Court Order, Attached to the Amended Memorandum of Law In Support of Petition for Writ of Habeas Corpus, as App'x I.

Petitioner now seeks habeas review by this Court.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FOSTER,

Petitioner,

v.

SHERRY L. BURT,

Respondent.

______________________/

Case No: 2:15-cv-12265
Honorable Laurie J. Michelson

CERTIFICATE OF SERVICE

I Edward Foster #226862 hereby state that on January 17, 2020 I, via Expedited Legal mail forwarded one (1) copy of the Motion to Lift Stay, newly advised/amended Memorandum of Law In Support of Petition for Writ if habeas corpus and Certificate of Service to the Clerk of the Court and party below.

Respectfully Submitted,

Mr. Edward Foster #226862
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, Michigan 49442

Party Below:
Attorney General
P.O. Box 30212
Lansing, Michigan 49226

Mr. Ed D. Foster # 226862 (A-9T)
E.C. Brooks Corr Facility
2500 S. Sheridan Dr.
Muskegon, Mi 49444

No Postmark date
(MA)




RECEIVED
JAN 24 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

Office of the Clerk
United States District Court
Eastern Dist. Southern Div.
231 West Lafayette Blvd. 5th Flr.
Detroit, Mi 48226

48226$2700

FSC MIX Envelope FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2016