UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ED FOSTER,

Petitioner,

v.

THOMAS WINN,

Respondent.

Case No. 2:15-cv-12265
Honorable Laurie J. Michelson

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO LIFT STAY, REOPEN THE PROCEEDING, STRIKE PREVIOUS PETITION, AND AMEND PETITION [17] AND REQUIRING AMENDED RESPONSIVE PLEADING**

On June 22, 2015, Ed Foster filed a pro se habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) He later filed a motion to stay this case to allow him to exhaust state remedies for three claims. (ECF No. 13.) On September 28, 2017, the Court granted Foster's motion to stay, held his petition in abeyance pending exhaustion of state court remedies, and closed this case for administrative purposes. (ECF No. 14.) Now before the Court is Foster's motion to lift the stay, reopen the proceeding, strike the previous petition and file an amended petition. (ECF No. 17.) For the reasons that follow, Foster's motion will be granted with respect to his request to lift the stay, reopen this case and to file an amended petition. Foster's request to strike his previous petition will be denied.

Foster was convicted by a jury in Van Buren County Circuit Court of first-degree felony murder and sentenced to life imprisonment without the possibility of parole. (ECF No. 8, PageID.194.) The Michigan Court of Appeals affirmed his conviction on direct

appeal. *People v. Foster*, No. 301361, 2013 WL 4033639 (Mich. Ct. App. Aug. 8, 2013). The Michigan Supreme Court denied Foster's application for leave to appeal. *People v. Foster*, 847 N.W.2d 243 (Mich. 2014) (mem.).

Foster then filed this habeas corpus proceeding. Foster later moved for a stay to allow him to return to state court to raise three additional claims based on ineffective assistance of trial and appellate counsel and perjured testimony. (ECF No. 13.) The Court granted the motion and imposed conditions under which Foster was required to proceed. (ECF No. 14.) Foster was required to file a motion for relief from judgment in state court within 60 days from entry of the order granting a stay and to move to reopen this case and amend his petition to add the newly-exhausted claims within 60 days after the conclusion of state-court post-convictions proceedings. (*Id*.) On January 24, 2020, Foster filed the pending motion to lift the stay, reopen the proceeding, strike the previous petition, and file an amended petition. (ECF No. 17.)

Foster appears to have complied with the terms of the stay. Foster's first motion for relief from judgment was rejected by the trial court because of a filing deficiency. (ECF No. 15.) Foster asked this Court to continue the stay to allow him to resubmit a motion in state court. (*Id.*) On February 28, 2018, the Court granted Foster's request and allowed him sixty days from the date of the order to re-submit a motion for relief from judgment in the state court. (ECF No. 16) While Foster does not provide the date on which he resubmitted his motion for relief from judgment, the trial court denied the motion only seventy-eight days after the Court's order continuing the stay, and so the Court concludes that Foster substantially complied with the stay. (ECF No. 18, PageID.5833–5839.) Foster appealed

the trial court's denial of his motion for relief from judgment to the Michigan Court of Appeals, and the Michigan Supreme Court ultimately denied leave to appeal on November 26, 2019. *People v. Foster*, 953 N.W.2d 324 (Mich. 2019) (mem.). Foster filed a timely motion to reopen his habeas case on January 24, 2020. Foster has largely complied with this Court's prior order: he has returned to state court, represents that he pursued available state remedies to exhaust his new claim, and filed a motion to reopen his case within 60 days of completing that process. So the Court will lift the stay and reopen this proceeding.

Foster also asks the Court to strike his previous petition and allow him to file an amended petition for writ of habeas corpus. The previous petition need not be stricken for Foster to file an amended petition. An amended petition generally supersedes the original petition. *See Braden v. United* States, 817 F.3d 926, 930 (6th Cir. 2016). Further, while Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own[ ] or [ ] on motion made by a party," this rule is not to be used by a party to strike its own pleading. *See Bell v. Howes,* No. 2:06-CV-15086, 2019 WL 4416309, at *1 (E.D. Mich. Sept. 16, 2019). The Court will allow Foster to file an amended petition and supersede his original petition.

Because Foster has substantially complied with the Court's prior order, the Court GRANTS Foster's motion to lift the stay, reopen the proceeding, and file an amended petition. The Court DENIES Foster's request to strike his previous petition.

Foster shall file an amended habeas petition within 60 days from the date of this order. Failure to comply with this order may result in the dismissal of this case.

Respondent must file an answer responding to the allegations of the amended petition in accordance with Rule 5, Rules Governing Section 2254 Cases, within 90 days from the filing of an amended petition.

SO ORDERED.

Dated: July 23, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 23, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson