UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ED FOSTER,

    Petitioner,

v.

CHRIS KING,

    Respondent.

Case No. 15-12265
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING
CERTIFICATE OF APPEALABILITY AS TO ONE ISSUE AND
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Ed Foster filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to an order docketed today, the Court denied Foster's petition. The Court now considers whether to issue a certificate of appealability.

Before Foster may appeal this Court's decision, "a circuit justice or judge" must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court addressed Foster's petition on the merits. So he must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court finds that one of Foster's claims has met these standards. Foster's false-testimony claim as to Nickerson involves confession evidence. *See Jackson v. Bradshaw*, 681 F.3d 753, 763 (6th Cir. 2012) (referring to confession evidence as "quite incriminating"). As such, reasonable jurists could debate whether Nickerson's testimony regarding his credibility would have caused the jury to disbelieve his testimony about Foster's confession and lead to a different outcome. So the Court GRANTS a certificate of appealability on the false-testimony claim.

But given the deferential standards of the Antiterrorism and Effective Death Penalty Act and *Strickland v. Washington*, 466 U.S. 668 (1984), as well as considering the facts in the record, reasonable jurists could not debate that Foster's ineffective-assistance-of-counsel claims should be resolved in a different way. Thus, the Court DENIES a certificate of appealability as to the remaining claims.

The standard for granting an application for leave to proceed in forma pauperis is lower than the standard for granting a certificate of appealability. *Foster v. Ludwick*, 208 F. Supp.2d 750, 764 (E.D. Mich. 2002). A court may grant in forma pauperis status if it finds that an appeal could be taken in good faith. 28 U.S.C. § 1915(a) (3); Fed. R. App. P. 24(a)(3)(A). The Court finds that standard to be met, so it GRANTS leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: August 28, 2023

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE