No. 23-1891

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 11, 2024
KELLY L. STEPHENS, Clerk

ED D. FOSTER,

Petitioner-Appellant,

v.

CHRIS KING,

Respondent-Appellee.

O R D E R

Before: KETHLEDGE, Circuit Judge.

Ed D. Foster, a Michigan prisoner proceeding pro se, appeals the district court's judgment denying his amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court granted Foster a certificate of appealability as to one of his habeas claims. Foster now asks this court for a certificate of appealability as to his remaining claims. Foster also moves this court for leave to proceed in forma pauperis on appeal and for appointment of counsel. As explained below, we grant Foster's motion to proceed in forma pauperis, deny his motion for appointment of counsel, and deny a certificate of appealability on his remaining claims.

In 2010, a jury in the Van Buren Circuit Court convicted Foster of first-degree felony murder in connection with the 1998 death of Deborah Boothby. Foster received a life sentence without the possibility of parole. Affirming Foster's conviction, the Michigan Court of Appeals summarized the facts as follows:

> On April 26, 1998, Deborah Boothby and a friend went to the Blue Star Lounge, a bar located on the Blue Star Highway near South Haven, Michigan. By most accounts, Boothby became intoxicated and disruptive, engaging in an argument with an ex-boyfriend [Ivory Shaver] and his girlfriend [Shevolier Gill]. The argument caused the bar owner to order everyone to leave the bar, early. As the patrons left the bar, several people observed a fight in the parking lot involving Boothby and several other individuals.

> Police were dispatched to the Blue Star Lounge some time after 2:30 a.m. on April 26, 1998, in response to a 911 call reporting that a woman had been hit by a car. Responders found Boothby lying on the Blue Star Highway a short distance from the lounge, bleeding and severely injured. She died from multiple injuries after being transported to the hospital.
>
> The case remained unsolved for several years, after which the police received information and tips that named defendant and the others that were involved in the fight that was described as a brutal beating of Boothby. Witnesses also described defendant helping another individual drag Boothby to a vehicle after the beating stopped, and later a vehicle driving over Boothby, several times, while she was lying in the road. Adrienne Burnette, the girlfriend of one of the beating participants, admitted to watching Boothby being placed in a vehicle driven by a co-defendant and occupied by defendant after Boothby was severely beaten by defendant and others. Burnette followed the car containing Boothby to another location where defendant and others beat her again. Burnette also described watching as defendant and his co-defendants later placed Boothby in the road and drove over Boothby, two times. Burnette also admitted to driving over Boothby with her vehicle. Defendant and three others were eventually charged in connection with Boothby's death. All four were tried jointly, but defendant had a jury separate from that of his three co-defendants.

*People v. Foster*, No. 301361, 2013 WL 4033639, at *1 (Mich. Ct. App. Aug. 8, 2013), *perm. app. denied*, 847 N.W.2d 243 (Mich. 2014).

Following his direct appeal, Foster filed a § 2254 habeas petition. Foster later moved the district court to hold his habeas petition in abeyance to allow him to exhaust additional claims in state court. The district court granted Foster's motion and administratively closed the case.

Foster returned to state court and moved for relief from judgment, claiming ineffective assistance of trial and appellate counsel and asserting his actual innocence. The trial court denied Foster's motion. The Michigan appellate courts denied Foster leave to appeal. *People v. Foster*, No. 346717 (Mich. Ct. App. May 10, 2019), *perm. app. denied*, 935 N.W.2d 324 (Mich. 2019).

Foster returned to the district court and moved to reopen his habeas proceeding, strike his original habeas petition, and file an amended habeas petition. The district court granted Foster's motion, allowing him to file an amended habeas petition superseding his original one. In his amended habeas petition, Foster raised three grounds for relief: (1) his due process right to a fair trial was violated by the introduction of false and perjured testimony from Keith Nickerson, a key

prosecution witness; (2) his right to effective assistance of counsel was violated when trial counsel failed to interview Shevolier Gill, one of his co-defendants, and call her as a witness; and (3) his right to effective assistance of counsel was violated when appellate counsel failed to interview Gill or litigate his ineffective-assistance claim on direct appeal. Foster also asserted that his actual innocence allowed the district court to address the merits of his claims. The district court denied Foster's amended habeas petition on the merits. The district court granted Foster a certificate of appealability as to his claim about Nickerson's testimony but denied him a certificate of appealability as to his remaining claims. This timely appeal followed.

Foster has submitted various filings to this court, which we construe as a request for a certificate of appealability as to his remaining claims. To obtain a certificate of appealability, Foster must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not disagree with the district court's resolution of Foster's remaining claims.

Foster claimed that trial counsel provided ineffective assistance by failing to interview Gill and call her as a witness. In support of his ineffective-assistance claim, Foster relied on a letter that Gill wrote to a friend in 2009, stating: "And wuz up with [Foster]? How in the heck did he come in to play with all of this?" According to Foster, he informed counsel about this letter and urged counsel to interview Gill. Foster asserted that counsel's failure to interview Gill and call her as a witness prevented his jury from hearing Gill testify, as she did before her own jury, that she did not recall seeing him the night that Boothby was murdered.

To establish ineffective assistance of counsel, Foster must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In denying Foster's motion for relief from judgment, the trial court rejected his ineffective-assistance claim on the performance prong. Under

*Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "When this presumption is combined with the deference required by" habeas review under 28 U.S.C. § 2254(d), the habeas court "must be 'doubly deferential' to the state court's ruling on counsel's performance." *Haight v. Jordan*, 59 F.4th 817, 832 (6th Cir. 2023) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

According to the trial court's decision, Foster pointed to Gill's letter "as a sign of his innocence" and argued that "counsel should have pursued this further." The trial court found that counsel's representation was not deficient, noting that "[t]rial counsel extensively pursued during trial examination the themes that Defendant and the co-defendants were enemies, that they did not interact the night of Boothby's death, and that they never interacted after that night." Reasonable jurists would agree that the trial court's decision was a reasonable application of *Strickland*. Gill's letter to her friend was not necessarily exculpatory; her query—"How in the heck did [Foster] come in to play with all of this?"—could be construed to express confusion as to how Foster, who was not connected to the other defendants, became involved in Boothby's murder. Gill testified before her own jury that she did not recall Foster being at the bar that night (although he admitted that he was there) and that she and her boyfriend (co-defendant Ivory Shaver) went home right after the bar shut down and were not involved in beating Boothby, kidnapping her, and running over her body. Accepted as true, Gill's testimony would not have absolved Foster because she would not have known who was involved in Boothby's murder if she was not there. Trial counsel's decision to not call a co-defendant who denied being present when the crime was committed and to instead present Foster's defense theory through his own testimony could reasonably be "considered sound trial strategy."

The trial court did not address the prejudice prong, which the district court reviewed de novo. *See Haight*, 59 F.4th at 832. To establish prejudice, "[t]he defendant must show that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Gill's testimony before her own jury was not exculpatory as to Foster, and the testimony of other witnesses tied him to Boothby's murder. Given that the trial court reasonably addressed the performance prong and that the district court properly found no prejudice, reasonable jurists could not disagree with the denial of Foster's ineffective-assistance claim.

Foster asserted that appellate counsel provided ineffective assistance by failing to interview Gill or litigate his ineffective-assistance claim on direct appeal. The trial court rejected this claim, observing that "[a]ppellate counsel cannot be faulted for failing to raise non-meritorious issues." *See Jalowiec v. Bradshaw*, 657 F.3d 293, 321 (6th Cir. 2011). Jurists of reason could not debate the district court's conclusion that Foster's ineffective-assistance-of-appellate-counsel claim failed.

Foster also asserted his actual innocence. But a free-standing claim of actual innocence is not a cognizable ground for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400-01 (1993); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007). To the extent that Foster asserted his actual innocence as "a gateway . . . to have his otherwise barred constitutional claim considered on the merits," there was no need for him to make such a showing because the district court considered his claims on the merits. *Herrera*, 506 U.S. at 404. Reasonable jurists could not debate the district court's decision to decline to evaluate Foster's actual-innocence argument.

Foster moves this court for appointment of counsel. Because the claim certified by the district court is not factually or legally complex, the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).

For these reasons, we **DENY** Foster's request for an expanded certificate of appealability and his motion for appointment of counsel and **GRANT** his motion for leave to proceed in forma pauperis for the purpose of this appeal. The clerk's office is directed to issue a briefing schedule for the claim certified by the district court.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 03/11/2024.

**Case Name:** Ed Foster v. Chris King
**Case Number:** 23-1891

**Docket Text:**
ORDER filed: We DENY Foster's request for an expanded certificate of appealability [7085896-2] [7091422-2] and his motion for appointment of counsel [7065187-2] and GRANT his motion for leave to proceed in forma pauperis [7109646-2] for the purpose of this appeal. The clerk's office is directed to issue a briefing schedule for the claim certified by the district court. Raymond M. Kethledge, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Ed D. Foster
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. John S. Pallas