**NOT RECOMMENDED FOR PUBLICATION**

No. 23-1891

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 26, 2024
KELLY L. STEPHENS, Clerk

ED D. FOSTER,

Petitioner-Appellant,

v.

CHRIS KING,

Respondent-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

ORDER

Before: SUHRHEINRICH, SILER, and READLER, Circuit Judges.

Ed D. Foster, a Michigan prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm.

In 2010, a jury convicted Foster of first-degree felony murder for the death of Deborah Boothby. In 1998, multiple defendants severely beat Boothby and ran her over with their cars. Responders found her lying on the highway, and she died after being transported to the hospital. *People v. Foster*, No. 301361, 2013 WL 4033639, at *1 (Mich. Ct. App. Aug. 8, 2013) (per curiam) (unpublished). The case remained unsolved until 2007 when the Michigan State Police formed a taskforce and Adrienne Burnette came forward. Burnette watched the beating take place and drove the second car that ran over Boothby at the instruction of her boyfriend, one of the other co-defendants. *Id.* Burnette pleaded guilty to second-degree murder for her role in Boothby's death.

Multiple witnesses testified to Foster's involvement. Burnette testified that she saw Foster, along with three others, beat up Boothby in the parking lot of a bar. She also testified that a group, including Foster, put Boothby into one of their cars. Once at a secluded location, that group began beating Boothby again. As a cover-up, the group brought Boothby back to the bar. Foster and another person removed Boothby from the car and placed her on the street to make her death look like an accident. Foster was in one of the two cars that ran over Boothby. In addition, other witnesses testified that he was present that evening and involved in the crime. *Id.* at *9. And two police officers testified that when they arrested Foster, Foster implicated himself by asking how involved in a crime someone would have to be in order to be convicted of murder.

Jailhouse informant Keith Nickerson also testified against Foster. While Nickerson waited for sentencing for his bank-robbery conviction, he shared a cell with Foster. *Id.* at *9, *10. Nickerson testified that Foster told him that he kicked Boothby in the head and was in one of the cars that ran Boothby over. On direct examination, Nickerson denied receiving anything in exchange for his testimony at trial. *Id.* at *10. But on cross-examination, Nickerson admitted that the federal prosecutor filed a "5K Motion" requesting he be sentenced below guidelines based on his testimony at a preliminary hearing in Foster's case. *Id.* at *10-11. He did receive this reduction, but, when pressed, Nickerson maintained that the reduction was not for his testimony at any stage in Foster's case. *Id.* The federal-case records, however, demonstrate that the court reduced his sentence at least in part due to his cooperation earlier in Foster's case. *Id.* at *12.

Foster exhausted his state court remedies. Relevant here, Foster argued on direct appeal that Nickerson's perjury violated his due process rights. *Id.* at *10. The Michigan Court of Appeals rejected this argument on the merits. *Id.* at *12. Foster then filed this § 2254 petition, which he later amended, raising three grounds for relief. Though the district court denied Foster's amended petition on the merits, it granted Foster a certificate of appealability as to his claim that Nickerson's false and perjured testimony violated his due process right to a fair trial. Foster moved this court to expand the certificate of appealability to his remaining claims and for the appointment of counsel. We denied both motions.

Under the Antiterrorism and Effective Death Penalty Act, a district court may not grant habeas corpus relief on any claim that was adjudicated on the merits in state court unless the state court's adjudication (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court[,]" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Foster asserts that the state court unreasonably applied clearly established federal law regarding his due process right to a trial free from perjured testimony. *Foley v. Parker*, 488 F.3d 377, 391-92 (6th Cir. 2007) ("The knowing use of perjured testimony, including the failure to correct false testimony, constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." (citing *Napue v. Illinois*, 360 U.S. 264, 272 (1959)); *Giglio v. United States*, 405 U.S. 150, 153 (1972) (holding that a prosecutor's failing to correct perjured testimony violates due process and may require a new trial).

A false-testimony claim requires a defendant to show that "(1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998) (quoting *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989)). The failure to show any is fatal.

The Court of Appeals of Michigan held that Nickerson's perjured testimony did not violate Foster's due process right to a fair trial because "there was significant other evidence concerning defendant's participation in at least the beating of Boothby." *Foster*, 2013 WL 4033639, at *13. The state court's conclusion was not an unreasonable application of *Giglio*. A new trial is warranted "when the [g]overnment's case depended almost entirely on [the perjured] testimony[.]" *Giglio*, 405 U.S. at 154. That is not the case here. Nickerson was merely one of multiple witnesses who testified against Foster. He was one of the most removed witnesses, merely relaying what Foster told him, whereas multiple eyewitnesses, unconnected to Nickerson, testified that they saw Foster participate in the violent murder. Nickerson's minimal role in the trial sharply contrasts with the instrumental witness in *Giglio*. *Id.* (explaining that "without [the perjured testimony]

there could have been no indictment and no evidence to carry the case to the jury"). Nickerson's false testimony about whether he received a benefit for testifying only affects his own credibility, not that of the other witnesses. And even with this perjured testimony, the jury had reason to question Nickerson's credibility because, as noted by the state court, Foster's "defense counsel adequately placed before the jury the fact that Nickerson's testimony conflicted with the motion actually filed by the federal government and the federal judge's statements at sentencing." *Foster*, 2013 WL 4033639, at *12. Therefore, the state court was not unreasonable in deciding that Nickerson's perjured testimony was not material.

Therefore, we **AFFIRM** the district court's denial of Foster's habeas corpus petition.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 11/26/2024.

**Case Name:** Ed Foster v. Chris King
**Case Number:** 23-1891

**Docket Text:**
ORDER filed : We AFFIRM the district court's denial of Foster's habeas corpus petition. Mandate to issue, decision not for publication, pursuant to FRAP 34(a)(2)(C). Richard F. Suhrheinrich, Circuit Judge; Eugene E. Siler, Jr., Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Ed D. Foster
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. John S. Pallas
Mr. Jared D. Schultz